UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------X
DAVID GOLDSTEIN,

                              Plaintiff,        **VERIFIED**
                                                        **COMPLAINT**

     -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE
STEVEN BELLONE, in his official capacity only.
SUFFOLK COUNTY POLICE COMMISSIONER RODNEY K.
HARRISON, in his official capacity only, SUFFOLK
COUNTY COMMANDING OFFICER OF THE PISTOL LICENSING
BUREAU LIEUTENANT MICHAEL KOMOROWSKI, in his
official capacity only, SUFFOLK COUNTY POLICE
OFFICER CIARA PLIHCIK, in her individual and
official capacity, SUFFOLK COUNTY POLICE
OFFICER/PISTOL LICENSING BUREAU POLICE OFFICER
DANIEL JUGAN, in his individual and official
capacity, JOHN AND JANE DOE NO. 1-10, in their
official and in their individual capacity.

                              Defendants.
---------------------------------------------X

     The plaintiff, DAVID GOLDSTIEN ("Plaintiff" or "Plaintiffs")

by and through his attorneys, RICHARD W. YOUNG, SR., ESQ., CORY

MORRIS bring this action to redress the violation of plaintiff's

rights under the Constitution and Laws of the United States and

complaining of the defendants, COUNTY OF SUFFOLK, SUFFOLK COUNTY

EXECUTIVE STEVEN BELLONE, in his official capacity only, SUFFOLK

COUNTY POLICE COMMISSIONER RODNEY K.  HARRISON, in his official

capacity only, SUFFOLK COUNTY COMMANDING OFFICER OF THE PISTOL

LICENSING BUREAU LIEUTENANT MICHAEL KOMOROWSKI, in his official

capacity only, SUFFOLK COUNTY POLICE OFFICER CIARA PLIHCIK, in

her individual and official capacity, SUFFOLK COUNTY POLICE

OFFICER/PISTOL LICENSING BUREAU POLICE OFFICER DANIEL JUGAN, in

his individual and official capacity, JOHN AND JANE DOE NO. 1-10, in their official and in their individual capacity (hereinafter "Defendants" or "Defendant") allege as follows:

### JURISDICTION AND VENUE

(1)   This is an action pursuant to 42 U.S.C. Section 1983 and 42 U.S.C. Section 1988 to redress the depravation under color of statute, ordinance, regulation, custom or usage of rights, privileges and immunities secured to plaintiff by the First, Second, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America:

(2)   Jurisdiction is conferred on the Court by 28 U.S.C. Section 1343(3) which confers original jurisdiction on Federal District Courts in suits to redress the deprivation of rights, privileges and immunities as stated in Paragraph 2 hereof.

(3)   The plaintiff demands a trial by jury.

### PARTIES

(4)   That in all time herein alleged, plaintiff DAVID GOLDSTEIN was and still is a citizen of the United States and a resident of the County of Suffolk, State of New York. Plaintiff DAVID GOLDSTEIN was employed as a Suffolk County Police Officer for 35 years. Retiring in good standing in 2018.

(5) Plaintiff carried a firearm since the date of his employment with the Suffolk County Police Department in April 12, 1982.

(6)  At all times herein relevant defendant COUNTY OF SUFFOLK was and is within the State of New York and is within the territory of the United States and the Eastern District.

(7)  That at all times herein relevant defendant COUNTY OF SUFFOLK is a municipal corporation duly organized and existing under the laws of the State of New York. Further, the COUNTY OF SUFFOLK was and is the policy-making and governing body and authority over the SUFFOLK COUNTY POLICE DEPARTMENT.

(8)  At all times herein relevant, defendant SUFFOLK COUNTY EXECUTIVE STEVEN BELLONE is the elected leader of defendant COUNTY OF SUFFOLK and is the chief policy maker for issues under the executive branch of SUFFOLK COUNTY, including the SUFFOLK COUNTY POLICE DEPARTMENT, and upon information belief resides within the County of Suffolk, State of New York within the venue of the United States Eastern District.

(9)  SUFFOLK COUNTY EXECUTIVE STEVEN BELLONE is sued in his official capacity only.

(10)  At all times herein relevant, defendant SUFFOLK COUNTY POLICE COMMISSIONER RODNEY K. HARRISON was and is employed as the Commissioner of the Suffolk County Police Department and as such is a policy maker of the policies of the SUFFOLK COUNTY POLICE DEPARTMENT.

(11)  SUFFOLK COUNTY POLICE COMMISSIONER RODNEY K. HARRISON is being sued in his official capacity only.

(12) At all times herein relevant defendant SUFFOLK COUNTY POLICE LIEUTENANT MICHAEL KOMOROWSKI was employed and still is employed as the Commanding Officer of the SUFFOLK COUNTY POLICE DEPARTMENT'S PISTOL LICENSE Section for the COUNTY OF SUFFOLK and as such is a policy maker of SUFFOLK COUNTY.

(13) That at all times herein relevant defendant SUFFOLK COUNTY POLICE OFFICER CIARA PLIHCIK, sued in her individual and official capacity, ("PLIHCIK") is employed by the SUFFOLK COUNTY POLICE DEPARTMENT's PISTOL LICENSING BUREAU and is the investigator assigned to plaintiff's case.

(14) That at all times herein relevant defendant SUFFOLK COUNTY POLICE OFFICER/PISTOL LICENSING BUREAU POLICE OFFICER DANIEL JUGAN, sued in his individual and official capacity, is employed by the SUFFOLK COUNTY POLICE DEPARTMENT's PISTOL LICENSING BUREAU and is the investigator assigned to plaintiff's case.

(15) COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE STEVEN BELLONE, SUFFOLK COUNTY POLICE COMMISSIONER RODNEY K. HARRISON, SUFFOLK COUNTY COMMANDING OFFICER OF THE PISTOL LICENSING BUREAU LIEUTENANT MICHAEL KOMOROWSKI and JOHN AND JANE DOE NO. 1-10 are state actors.

(16) JOHN AND JANE DOE NO. 1-10 are heretofore known to the defendants, individually and collectively, but unknown to the Plaintiff as persons responsible for the constitutional deprivations suffered by the plaintiff.

(17)   COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE STEVEN BELLONE, SUFFOLK COUNTY POLICE COMMISSIONER RODNEY K. HARRISON, SUFFOLK COUNTY COMMANDING OFFICER OF THE PISTOL LICENSING BUREAU LIEUTENANT MICHAEL KOMOROWSKI and JOHN AND JANE DOE NO. 1-10 are, at all times relevant in this complaint, acting under color of state law.

(18)   COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE STEVEN BELLONE, SUFFOLK COUNTY POLICE COMMISSIONER RODNEY K. HARRISON, SUFFOLK COUNTY COMMANDING OFFICER OF THE PISTOL LICENSING BUREAU LIEUTENANT MICHAEL KOMOROWSKI are, upon information and belief, recipients of federal funding.

(19)   At all times herein relevant, defendant Suffolk County Police Officers DANIEL JUGAN and CIARA PLIHCIK, are the Police Officers assigned to plaintiff's suspension of his pistol permit and effect the unconstitutional policy that gave rise to plaintiff's constitutional injury.

## FEDERAL CAUSES OF ACTION

(20) At all times herein relevant defendant SUFFOLK COUNTY EXECUTIVE STEVEN BELLONE ("Bellone") was employed as the SUFFOLK COUNTY EXECUTIVE and acted under color of state law in his capacity.

(21) That at all times herein relevant, defendant SUFFOLK COUNTY POLICE COMMISSIONER RODNEY K. HARRISON ("Harrison") was and is employed as the Commissioner of the Suffolk County Police Department by the COUNTY OF SUFFOLK, and

acted under color of authority.

(22) That at all times herein relevant, defendant
SUFFOLK COUNTY LIEUTENANT MICHAEL KOMOROWSKI ("Komorowski")was
and still is employed as the Commanding Officer of the SUFFOLK
COUNTY POLICE DEPARTMENT'S PISTOL LICENSE Section for the COUNTY
OF SUFFOLK, and acted under color of authority.

(23) That at all times herein relevant, defendant
PISTOL LICENSING BUREAU POLICE OFFICER JUGAN was/is employed by
the COUNTY OF SUFFOLK, and acted under color of authority as an
investigator for the SUFFOLK COUNTY PISTOL LICENSING BUREAU.

(24) That the plaintiff is married to Amy
Goldstein, also a retired Suffolk County Police Officer. On or
about March 16, 2022, plaintiff's wife, Amy Goldstein, was
admitted to the hospital for psychological evaluation for use of
nitrous oxide.

(25) That on or about March 19, 2020, plaintiff
received a letter from the Suffolk County Police Department
advising that due to his wife's admission for a psychological
evaluation his pistol license was being suspended and he must
surrender his license and his weapons to the Suffolk County
Police Department. Please see a copy of said correspondence
annexed hereto as **Exhibit "1"**.

(26) That on October 14, 2020, the plaintiff
received a communication which then stated his pistol permit was
reinstated and he was authorized to possess and carry his

firearms. Please see a copy of this communication annexed hereto as **Exhibit "2"**.

(27) That on or about March 31, 2022, the plaintiff received another communication stating that his pistol license was again suspended and he was required to surrender same along with his weapons to the Suffolk County Police Department. Please see a copy of this communication annexed hereto as **Exhibit "3"**.

(28) That on or about December 7, 2022, Richard W. Young, Sr., Esq. did send to Suffolk County Police Department a letter demanding that the plaintiff's pistol license be reinstated and his weapons returned to plaintiff otherwise this action would follow.

(29) To date no response has been received. Please see a copy of said communication dated December 7, 2022 annexed hereto as **Exhibit "4"**.

(30) On many occasions plaintiff DAVID GOLDSTEIN has and continues to encountered people he dealt with during his 35 years of law enforcement as a Suffolk County Police Officer. Many of those he encountered in his capacity as a law enforcement officer were hostile and remain hostile toward the plaintiff for carrying out is sworn duties.

(31)  Plaintiff David Goldstein has an HR-218 qualification that he was unable to recertify due to defendants' actions removing his firearm license.

(32)   Plaintiff David Goldstein maintained an armed security guard's license.

(33)   As a result of defendants actions, individually and collectively, plaintiff was unable to renew his armed security license.

(34)   Defendants' actions, jointly and severally, are responsible for depriving plaintiff of his firearms and ability to recertify his armed security guard license and HR-218 certification.

(35)   COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE STEVEN BELLONE, in his official capacity only, SUFFOLK COUNTY POLICE COMMISSIONER RODNEY K. HARRISON, in his official capacity only, SUFFOLK COUNTY COMMANDING OFFICER OF THE PISTOL LICENSING BUREAU LIEUTENANT MICHAEL KOMOROWSKI, in his official capacity only, SUFFOLK COUNTY POLICE OFFICER CIARA PLIHCIK, in her individual and official capacity, SUFFOLK COUNTY POLICE OFFICER/PISTOL LICENSING BUREAU POLICE OFFICER DANIEL JUGAN, in his individual and official capacity, JOHN AND JANE DOE NO. 1-10, in their official and in their individual capacity, know and have reason to know that the refusal to issue pistol permits, provide property or means for the return of property (inclusive of firearms) and their failure to afford due process of law prior to seizure, maintenance or destruction of property violates, among other things, state and federal law.

### As and for a First Cause of Action

(36)   That the acts and conduct of the defendants herein above alleged in detail in Paragraphs "1" through "35" are a denial of both plaintiff's rights under the Second Amendment, as well as their rights to due process.

(37)   That plaintiff DAVID GOLDSTEIN's Second Amendment Constitutional rights were and are being denied him. This is by Suffolk County's Policy of residing in a household with anyone who may not be allowed to be in possession of a pistol license.

(38)   COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE STEVEN BELLONE, in his official capacity only, SUFFOLK COUNTY POLICE COMMISSIONER RODNEY K.  HARRISON, in his official capacity only, SUFFOLK COUNTY COMMANDING OFFICER OF THE PISTOL LICENSING BUREAU LIEUTENANT MICHAEL KOMOROWSKI adopted a policy, custom or trade to refuse firearm possession to a person who is in a household with someone not allowed to be in possession of a firearm.

(39)   That this policy renders an individual right to be subjected to a collective of people who must all satisfy a test of their right to also keep and bear arms.

(40)   Defendants' policy is in violation of the United States Constitution and the New York State Constitution and comes on the heels of the ***New York State Rifle & Pistol Association, Inc. V. Bruen,*** 597 U.S. ___ (2022).

(41)   Defendants' firearm policy is one of collective punishment - deprivation of constitutional rights by association.

(42)   No where in historical proceedings was such a restriction ever placed on an individual to keep and bear arms.

(43)   Defendants' conduct is in direct violation of the Bruen Decision of the Supreme Court of the United States of America. The plaintiff's undeniable right to the 2nd Amendment can not be usurped based upon a household members standing to possess firearms. This is without any doubt a direct violation of the plaintiff's rights and his ability to protect himself from those who may seek to harm him from his long career as a Suffolk County Police Officer.

(44)   As a direct and proximate result of the foregoing, plaintiff DAVID GOLDSTEIN has sustained and continues to sustain injury and damages consisting of loss of income, loss of his personal property to wit his firearms and has been caused to suffered fear, shock, fright, emotional distress and embarrassment all to his damage for which the defendants are liable jointly and severally.

(45)   That the defendants are indebted to plaintiff DAVID GOLDSTEIN for an amount of money to be determined by a trier of fact for the constitutional rights violations of the defendants.

(46)   That the defendants are indebted to plaintiff DAVID GOLDSTEIN for an amount of money to be determined by a trier of fact for the constitutional rights violations of the defendants.

### As and for a Second Cause of Action

(47)   Plaintiff repeats and re-alleges the above paragraphs as if fully set forth herein.

(48)   Due to SUFFOLK COUNTY's illegal and unconstitutional policies which are written and enforced with the sole purpose to disregard the 2nd Amendment of the United States Constitution plaintiff DAVID GOLDSTEIN has been damaged. That SUFFOLK COUNTY AND THE SUFFOLK COUNTY POLICE DEPARTMENT have numerous policies for suspending and indefinitely investigating suspensions, despite no criminal case pending against the plaintiff, no prohibition on his personal right to possess and bear arms and thereby denying him his right as a citizen under the Second Amendment of the United States Constitution.

(49)   That New York State has passed restrictive gun laws. However, the United States has passed HR218/S1132 which exempts retired law enforcement officers who qualify annually with the police approved duty firearms at a law enforcement range.

(50)   Plaintiff has maintained his pistol license under New York State Penal Law §400, as well as maintaining his exemptions under HR218/S1132.

(51)   The COUNTY OF SUFFOLK has seized valuable property from plaintiff DAVID GOLDSTEIN and his right to protect himself by bearing arms for absolutely no valid reason.

(52)   DAVID GOLDSTEIN, a retired officer of Suffolk County Police Department for 35 years, is subject to threats against his person which have continued against all police officers and retired police officers to date by known gangs, including ms13, crypts, bloods, folks and others. These warnings regularly are sent out to all members and retired members of Law enforcement.

(53)   That the defendants intentionally violated and continue to do so, the Second Amendment of the United States Constitution by refusing to issue or refusing to return an individual's right to carry a firearm. That such conduct is illegal, particularly where their own investigation is closed non-criminal.

(54)   That plaintiff's remedy under this cause of action is to seek to have a Special Federal Court Monitor appointed to oversee all negative actions and decisions taken by the Suffolk County Police Department's Pistol Licensing Section as no other remedy can resolve their utter disregard for the 2nd Amendment of the United States Constitution.

### As and for a Third Cause of Action

(55)   Plaintiff repeats and re-alleges the above paragraphs as if fully set forth herein.

(56) That the defendants intentionally violated plaintiff's Second Amendment Rights under the United States Constitution and did thereby violate the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution by seizing plaintiff's property and holding same without legal authority and without just compensation, without due process, and thereby caused plaintiff DAVID GOLDSTEIN to suffer severe punishment and loss of potential employment.

(57) That defendants' conduct in removing his ability to carry a firearm is contrary to existing law.

(58) Plaintiff seeks to have a Special Federal Court Monitor appointed to oversee all negative actions and decisions taken by the Suffolk County Police Department's Pistol Licensing Section.

(59) Plaintiff has exhausted all available options to attempt to address Defendants' unconstitutional conduct.

(60) COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE STEVEN BELLONE, in his official capacity only, SUFFOLK COUNTY POLICE COMMISSIONER RODNEY K. HARRISON, in his official capacity only, SUFFOLK COUNTY COMMANDING OFFICER OF THE PISTOL LICENSING BUREAU LIEUTENANT MICHAEL KOMOROWSKI, in his official capacity only, maintain an unconstitutional policy for which plaintiff submits this Honorable Court issue an Order declaring such practices unconstitutional and issue a Federal Monitor to enforce

the United States Constitution.

### As and for a Fourth Cause of Action

(61)  Plaintiff repeats and re-alleges the above as if fully set forth herein.

(62)  That the defendants intentionally violated plaintiff's Eighth Amendment of the United States Constitution by seizing plaintiff DAVID GOLDSTEIN's firearms in that their joint actions have caused him to be punished excessively with loss of employment (actual/potential), losses to be presented to a trier of fact. That such conduct is illegal.

(63)  That plaintiff DAVID GOLDSTEIN seeks to have a Special Federal Court Monitor appointed to oversee all negative actions and decisions taken by the Suffolk County Police Department's Pistol Licensing Section. Despite there being no criminal case pending against him.

(64)  Without the appointment of a Special Federal Court Monitor, COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE STEVEN BELLONE, in his official capacity only, SUFFOLK COUNTY POLICE COMMISSIONER RODNEY K.  HARRISON, in his official capacity only, SUFFOLK COUNTY COMMANDING OFFICER OF THE PISTOL LICENSING BUREAU LIEUTENANT MICHAEL KOMOROWSKI, in his official capacity only, will continue to apply and enforce the unconstitutional policy described above and more fully below.

(65)  Accordingly, plaintiff has suffered damages for which defendants, individually and collectively, are jointly

and severally responsible as the but-for and proximate cause of said damage to be fully determined at a jury trial.

### As and for a Fifth Cause of Action

(66)   Plaintiff repeats and re-alleges the above paragraphs as if fully set forth herein.

(67)   That the defendants jointly have violated their civil rights and have seized the plaintiff's property and thereby converted their property without authority to do so and without legal compensation for same.

(68)   Accordingly, plaintiff has suffered damages for which defendants, individually and collectively, are jointly and severally responsible as the but-for and proximate cause of said damage to be fully determined at a jury trial.

### As and for a Sixth Cause of Action

(69)   Plaintiff repeats and re-alleges the above paragraphs as if fully set forth herein.

(70)   That the defendants jointly have embarked upon conduct which intentionally violates the constitutional rights and have defamed and slandered the plaintiff thereby causing harm to his reputation.

(71) Defendants, individually and collectively, stated in writing, orally and otherwise that plaintiff is unfit to carry a firearm.

(72) Plaintiff suffered damages as a result of defendants communications for which defendants, individually and

collectively, are jointly and severally responsible as the but-
for and proximate cause of said damage to be fully determined at
a jury trial.

(73)   Defendants, individually and collectively,
have maintained a policy for which defendants, sued individually
and in their official capacity, have caused plaintiff to suffer
damages, that defendants' statements communicated publicly have
disarmed plaintiff, have caused plaintiff special injury, fear
and actual and proximate damages including but not limited to
loss of property, constitutional violations and the inability to
defend himself against known and unknown threats of harm.

**WHEREFORE**: plaintiff demands judgment against the defendants
as follows:

A.   On the Federal Causes of Action pursuant to 42
U.S.C. Section 1983 for compensatory damages in
the amount to be determined by the triers of fact
against the defendants in naming them all jointly
and severally;

B.   Against the individual defendants for punitive
damages in a sum to be determined by the triers of
fact;

C.   Appointment of Special Federal Court Monitor
appointed to review all of the Suffolk County
Police Department's pistol licensing polices and
determinations regarding the revocation,
suspension and denial of pistol licenses;

D.   On all other causes of actions the plaintiff seeks
appropriate compensation to be determined by a
trier of fact;

E.   Reasonable attorneys fees pursuant to 42 U.S.C.
Section 1988 and the costs of disbursements in
this action.

Dated:     Central Islip, New York
           January 4, 2023

Richard W. Young, Esq. (RWY 7633)
Attorney for Plaintiff
863 Islip Avenue
Central Islip, N.Y. 11722
(631) 224-7500

Cory H. Morris, Esq. (CM5225)
*Cocounsel for David Goldstein*
135 Pinelawn Road, Suite 250s
Melville NY 11747
(631) 450-2515

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------X
DAVID GOLDSTEIN,

                    Plaintiff         **NOTICE AND ACKNOWLEDGEMENT OF RECEIPT OF SUMMONS AND COMPLAINT**

      -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE
STEVEN BELLONE, in his official capacity only.
SUFFOLK COUNTY POLICE COMMISSIONER RODNEY K.
HARRISON, in his official capacity only, SUFFOLK
COUNTY COMMANDING OFFICER OF THE PISTOL LICENSING
BUREAU LIEUTENANT MICHAEL KOMOROWSKI, in his
official capacity only, SUFFOLK COUNTY POLICE
OFFICER CIARA PLIHCIK, in her individual and
official capacity, SUFFOLK COUNTY POLICE
OFFICER/PISTOL LICENSING BUREAU POLICE OFFICER
DANIEL JUGAN, in his individual and official
capacity, JOHN AND JANE DOE NO. 1-10, in their
official and in their individual capacity.

                    Defendants.
---------------------------------------------X

## NOTICE

TO:  COUNTY OF SUFFOLK

    The enclosed summons and complaint are served pursuant
to Rule 4(c)(2)(C)(ii) of the Federal Rules of Civil
Procedure. You must complete the acknowledgment part of
this form and  return one copy of the completed form to
the sender within twenty (20) days. You must sign and
date the acknowledgment.  If you are served on behalf
of a corporation, unincorporated association (including
a partnership), or other entity, you must indicate
under you signature your relationship to that entity.
if you are served on behalf of another person and you
are authorized to receive process, you must indicate
under signature your authority. If you do not complete
and return the form to the sender within twenty (20)
days, you (or the party on whose behalf you are being
served) may be required to pay any expenses incurred in
serving a summons and complaint in any other manner
permitted by law. If you do not complete and return
this form, you (or the party on whose behalf you are

being served) must answer the complaint within twenty
(20) days.  If you fail to do so, judgment by default
will be taken against you for the relief demanded in
the complaint. I declare under penalties of perjury
that this Notice and Acknowledgement of Receipt of
Summons and Complaint was served on

_____

Dated:        _____


## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

     If declare under penalties of perjury that I received a copy
of summons and complaint in the above-captioned matter
at_____.

Date:_____        _____

          Relation/Authority:        _____

```
STATE OF NEW YORK    )
                     )  ss.:
COUNTY OF SUFFOLK    )
```

David Goldstein, being duly sworn, deposes and says:

I am the plaintiff herein and I have read the foregoing Verified Complaint and know the contents thereof; and the same is true to my own knowledge and those alleged upon information and belief as I believe them to be true.

David Goldstein

Sworn to before me this
3rd day of January, 2023

Notary Public

RICHARD W YOUNG
Notary Public State of NY
02YO5022729 Qual Suffolk Co.
Commission Expires Jan. 18, 2026