**EXHIBIT "4"**

*Richard W. Young Sr., Esq.*

ATTORNEY AT LAW
863 ISLIP AVENUE
CENTRAL ISLIP, NEW YORK 11722-4816
PHONE - (631) 224-7500
FAX - (631) 224-9400
WWW.YOUNGANDYOUNGESQ.COM

December 7, 2022

**Via Priority Mail**

Suffolk County Police Commissioner Rodney K. Harrison
30 Yaphank Avenue
Yaphank, N.Y. 11980

Dennis M. Cohen, Suffolk County Attorney
100 Veterans Memorial Highway
Hauppauge, N.Y. 11788

      Re:    David Goldstein

Dear Sir/Madam:

    Please be advised that this office has been retained by Mr. David Goldstein, 20 Village Wood Road, Port Jefferson, New York, to represent him with regard to his pistol permit and his firearms which were seized by the Suffolk County Police Department pursuant their determination to suspend his license to possess handguns.

    My client had the following weapons seized, on 3/25/20:

1. Colt, Serial Number 70B44291, .45 caliber pistol;

2. Smith & Wesson, Serial Number AHP5243, .38 caliber revolver;

3. Smith & Wesson, Serial Number AVT3863, .38 caliber revolver;

4. Smith & Wesson, Serial Number J741995, .38 caliber revolver;

5. Smith & Wesson, Serial Number K392625, .22 caliber revolver;

6. Smith & Wesson, Serial Number 5D71453, .38 caliber revolver;

7. Glock, Serial Number FGG996, 9 mm pistol;

8. Glock, Serial Number TDE261, .40 caliber pistol;

9. Smith & Wesson, Serial Number LEY9138, 9 mm pistol;

10. Glock, Serial Number AFFV890, .22 caliber pistol.

My client's right to possess handguns has been suspended based upon his wife's mental health issues and her inability to possess handguns. The 2nd Amendment is an individual's right and not based on a who a person is married to or resides with. Clearly, any Suffolk County Pistol License regulation that grants the authority to deny a person their 2nd Amendment right based upon the disqualification of another person is clearly unconstitutional. Therefore, demand is made that Mr. Goldstein's license be immediately reinstated and his weapons returned to him or an action with be brought before the United States Federal District Court by Order to Show Cause seeking an immediate return of his license and his weapons. As you should be aware, Mr. Goldstein is a retired Suffolk County Police Officer and now lives as a retired law enforcement officer in the same county were he had countless police encounters with the people he sees on a daily basis. This notice will be used as evidence of your opportunity to resolve the issue without the court's intervention and as evidence when seeking both damages under U.S.C. 42 §1983, as well as attorney's fees under U.S.C. 42 §1988.ee, 42 USC §1983 protects against municipal actions that violate a property owner's rights to due process, equal protection of the laws and just compensation for the taking of property under the Fifth and Fourteenth Amendments to the United States Constitution. **Bower Assoc. v Town of Pleasant Valley**, 2 NY3d 617, 626 (2003) (emphasis added) cf. D.E. 45–2, p. 27–28.

"Whether plaintiffs were denied equal protection of the laws is a question that may be decided independently of any decision as to plaintiffs' rights under state law. It is not logically necessary to decide the state law issues first, before reaching the constitutional claim; the constitutional claim is alternative to, rather than dependent upon, the state law claims." See **Canaday v. Koch**, 608 F.Supp. 1460 (S.D.N.Y., 1985); see also, **United Fence & Guard Rail Corp. v. Cuomo**, 878 F.2d 588 at 593, 596 (2d Cir. 1989) (holding that abstention "policies are outweighed by countervailing concerns when a federal court is asked to consider claims involving important federal rights") infringes federally-protected property rights. See, e.g., **Nelson v. Colorado**, 137 S. Ct. 1249, 1256 (2017) (holding that a Colorado statute violated the Due Process Clause).

The Supreme Court of the United States recently made clear to municipal entities:

> A property owner has an actionable Fifth Amendment takings claim when the government takes his property without paying for it… it does mean that the property owner has suffered a violation of his Fifth Amendment rights when the government takes his property without just compensation, and therefore may bring his claim in federal court under §1983 at that time.

**Knick v. Township of Scott**, 588 U.S. ___, No. 17–647, p. 2 (2019) (external quotation marks omitted).

PLEASE TAKE NOTICE: That we are providing the County of Suffolk this opportunity to immediately resolve this matter in an effort to avoid the high costs of litigation and attorneys fees for the blatant violation of our client's Constitutional Rights. Should we be required to seek Federal Court intervention we will seek both our client's rights, as well as ask the court to determine that your policies are unconstitutional. This will then be followed by an application for exemplary attorney's fees.. We seek confirmation from you that Suffolk County is returning our client's license and weapons. Failure to provide same within 10 business days of receipt of this letter will result in the aforementioned action being filed.

Please feel free to contact the undersigned at the numbers listed above should you wish to discuss the matter. You may also reply in writing as to your intentions regarding Mr. David Goldstein's license to possess firearms (handguns) and his property listed above.

Very truly yours,

Richard W. Young, Sr., Esq.