```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF THE STATE OF NEW YORK
------------------------------------------------X
DAVID GOLDSTEIN,


                -against-                          **ATTORNEY'S**
                                                   **AFFIRMATION**

COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE
STEVEN BELLONE, in his official capacity only.
SUFFOLK COUNTY POLICE COMMISSIONER RODNEY K.
HARRISON, in his official capacity only, SUFFOLK
COUNTY COMMANDING OFFICER OF THE PISTOL LICENSING
BUREAU LIEUTENANT MICHAEL KOMOROWSKI, in his
official capacity only, SUFFOLK COUNTY POLICE
OFFICER CIARA PLIHCIK, in her individual and
official capacity, SUFFOLK COUNTY POLICE
OFFICER/PISTOL LICENSING BUREAU POLICE OFFICER
DANIEL JUGAN, in his individual and official
capacity, JOHN AND JANE DOE NO. 1-10, in their
official and in their individual capacity.

                Defendants.
------------------------------------------------X
```

**RICHARD W. YOUNG**, an attorney duly licensed to practice law in the State of New York, hereby affirms under penalty of perjury the following:

(1) I am counsel for the plaintiff, DAVID GOLDSTEIN, herein, and as such am fully familiar with all the facts and circumstances and proceedings heretofore.

(2) I submit this affirmation in support of this <u>Order to Show Cause</u> to seek the return of plaintiff's pistol licenses and weapons seized by the SUFFOLK COUNTY POLICE PISTOL LICENSE SECTION so that plaintiff, DAVID GOLDSTEIN, can have his pistol license reinstated and pick up his property currently

being held by the SUFFOLK COUNTY POLICE DEPARTMENT.

(3) No prior application for this matter or similar relief has been made to this or any other court.

(4) That the facts well stated in the complaint and the affidavits annexed hereto need not be repeated.

(5) The relevant case law regarding this matter is now controlled by **New York State Rifle & Pistol Association, Inc. V. Bruen,** 597 U.S. ___ (2022).

(6) Authority for this is found in **District of Columbia v. Heller**, 554 U.S. 570 March 18, 2008. Which without any doubt declared the right to possess a firearm under the Second Amendment is a fundamental right guaranteed to the citizen. Thereafter, in **McDonald v. City of Chicago**, 561 U.S. 742 March 2, 2010 the Supreme Court held:

> "Municipal respondents argue, finally, that the right to keep and bear arms is unique among the rights set out in the first eight Amendments "because the reason for codifying the Second Amendment (to protect the militia) differs from the purpose (primarily, to use firearms to engage in self-defense) that is claimed to make the right implicit in the concept of ordered liberty." Brief for Municipal Respondents 36-37. Municipal respondents suggest that the Second Amendment right differs from the rights heretofore incorporated because the latter were "valued for [their] own sake." Id., at 33. But we have never previously suggested that incorporation of a right turns on whether it has intrinsic as opposed to instrumental value, and quite a few of the rights previously held to be incorporated--for example the right to counsel and the right to confront and subpoena witnesses--are clearly instrumental by any measure. Moreover, this contention repackages one of the chief arguments that we rejected in **Heller**, i.e., that the scope of the Second Amendment right is defined by the immediate threat that led to

the inclusion of that right in the Bill of Rights. In **Heller**, we recognized that the codification of this right was prompted by fear that the Federal Government would disarm and thus disable the militias, but we rejected the suggestion that the right was valued only as a means of preserving the militias. 554 U.S., at 598-599, 128 S. Ct. 2783, 171 L. Ed. 2d at 661. On the contrary, we stressed that the right was also valued because the possession of firearms was thought to be essential for self-defense. As we put it, self-defense was "the central component of the right itself".

Finally and most recently in **Caetano v. Massachusetts**, 136 S. Ct. 1027, 194 L. Ed. 2d 99 (2016) (per curiam), the Supreme Court reaffirmed its holding in **Heller**, reiterating that the Second Amendment extends to arms that were not in existence at the time of the founding and does not protect only those weapons useful in warfare, while determining a restriction on tasers.

(7)   Since there is no argument about the constitutional right to own and possess a weapon, your affiant now turns to the case at bar. Herein, based on an argument between two co-workers that was originally marked non criminal and then elevated to criminal **aggravated harassment** justifying the removal of plaintiff JENNIFER NIN's pistol license and her weapons. Further, the defendants allege that charges can be instituted against her for a period of one year or more and that the County of Suffolk Police Department has up to a year and one-half to investigate this matter. This position has led to the plaintiff losing of employment. However, this is a fraudulent claim. Please see, **People v Golb**, 23 N.Y.3d 455, 15 N.E.3d 805,

991 N.Y.S.2d 792 Court of Appeals of New York decided March 25, 2014 which ruled this statute unconstitutional. As stated by the Court:

> "In **People v Dietze**, (75 NY2d 47, 549 NE2d 1166, 550 NYS2d 595 [1989]), this Court struck down a similar harassment statute, former Penal Law §240.25, which prohibited the use of abusive or obscene language with the intent to harass, annoy or alarm another person. We determined that the statute was unconstitutional under both the State and Federal Constitutions, noting that "any proscription of pure speech must be sharply limited to words which, by their utterance alone, inflict injury or tend naturally to evoke immediate violence" (id. at 52)."
>
> "The reasoning applied in **Dietze** applies equally to our analysis of Penal Law §240.30(1)(a). The statute criminalizes, in broad strokes, any communication that has the intent to annoy. Like the harassment statute at issue in **Dietze**, "no fair reading" of this statute's "unqualified terms supports or even suggests the constitutionally necessary limitations on its scope" (id. at 52; see also **People v Dupont**, 107 AD2d 247, 253, 486 NYS2d 169 [1st Dept 1985] [observing that the statute's vagueness is apparent because "(i)t is not clear what is meant by communication 'in a manner likely to cause annoyance or alarm' to another person"]). And, as in **Dietze**, "we decline to incorporate such limitations into the statute by judicial construction" because that would be "tantamount to wholesale revision of the Legislature's enactment, rather than prudent judicial construction" (id. at 52, 53)."
>
> Three federal judges have already found this statute unconstitutional (see **Vives v City of New York**, 305 F Supp 2d 289, 299 [SD NY 2003, Scheindlin, J.], revd on other grounds 405 F3d 115 [2d Cir 2005] ["where speech is regulated or proscribed based on its content, the scope of the effected speech must be clearly defined"]; see also **Vives** 405 F3d 115, 123-124 [2d Cir 2005, Cardamone, J., dissenting in part, concurring in part] [Penal Law § 240.30(1) unconstitutional on its face and as applied]; **Schlagler v Phillips**, 985 F Supp 419, 421

[SD NY 1997, Brieant, J.], revd on other grounds 166 F3d 439 [2d Cir 1999] [statute is "utterly repugnant to the First Amendment of the United States Constitution and also unconstitutional for vagueness"])."

"Accordingly, we conclude that Penal Law §240.30(1) is unconstitutional under both the State and Federal Constitutions, and we vacate defendant's convictions on these counts."

(8)   Thus, the claims of defendants and the injuries that resulted are based upon law that is "utterly repugnant to the Second Amendment of the United States Constitution and also unconstitutional for vagueness".

(9)   Plaintiff is a retired Suffolk County Police Officer having served for 35 years protecting the people of Suffolk County and the State of New York. He retired in good standing and was issued a pistol license to afford himself the protection he needs after faithfully carrying out law enforcement duties for decades. He now finds himself without the ability to protect himself from the very persons he arrested and prosecuted for over three decades.

(10) That it is abundantly clear that the defendants policy requiring him to forfeit his pistol license as a member of his household is currently unable to possess a firearm. Clearly, such policy flies in the face of Constitutional Muster as the 2nd Amendment is not a collective right but an individual one. A view of historical precedence from the time of the enactment of the 2nd Amendment demonstrates that no such prohibition ever was contemplated by the signers of the

Constitution of the United States of America. Moreover, the policy that would render a law enforcement officer without the ability to protect himself from the vast number of people he had enforced laws upon is shear lunacy particularly in a county known for it's vast gang members and members of organized crime. Such policy would render it impossible to seek qualified persons from accepting such duties and responsibilities in the future. Thus, this removal of plaintiff's 2nd Amendment right based solely on the character of a co-habitant without any reason for the plaintiff to be denied his 2nd Amendment is a violation of his rights under the FOURTH, FIFTH, EIGHTH and FOURTEENTH Amendments of the United States Constitution.

(11)   In a case similar to the one at bar, **Nin v. Suffolk County**, plaintiff, Jennifer Nin, an active law enforcement officer's pistol license was suspended. Suffolk also suspended her mother's pistol license and the court ordered that the co-plaintiff, Diane Trischler, a retired law enforcement officer, have her pistol license and weapons returned to her. This despite the fact that she and her daughter were co-habitants of the same home.

WHEREFORE, your affiant respectfully requests that the Order to Show Cause be granted which seeks to receive an order which directs Suffolk County and the Suffolk County Police Department to reinstate the pistol permit of the plaintiff, DAVID GOLDSTEIN and return to him all weapons seized from him and;

Further, orders defendant, Suffolk County Police Department turn over all policies, records, communications, emails, directives and other information regarding the suspension of any citizen's pistol license based upon the fact that another person's ability to possess firearms has been determined to be unauthorized. That this Honorable Court issue an order that defendants, SUFFOLK COUNTY and the SUFFOLK COUNTY POLICE DEPARTMENT, turn over all written policies regarding suspension of pistol licenses, all documents related to this case or any other case were an individual's pistol license was suspended based on the allegation that another person was unauthorized to possess a pistol license. This is to include all notes, memoranda, text messages, e-mails, interoffice, instant messages, letters and investigative notes, directives or other communications, documentation or memorialization in **"native format"**, together with such other and further relief as to this court seems just and proper.

_____
RICHARD W. YOUNG, ESQ. (RWY 7633)

Affirmed this 3rd day of January, 2023
Central Islip, New York