UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID GOLDSTEIN,<br>　　　　　　　　　　　　　　　Plaintiff,<br>　　　-against-<br><br>COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE STEVEN BELLONE, in his official capacity only, SUFFOLK COUNTY POLICE COMMISSIONER RODNEY K. HARRISON, in his official capacity only, SUFFOLK COUNTY COMMANDING OFFICER OF THE PISTOL LICENSING BUREAU LIEUTENANT MICHAEL KOMOROWSKI, in his official capacity only, SUFFOLK COUNTY POLICE OFFICER CIARA PLIHCIK, in her individual and official capacity, SUFFOLK COUNTY POLICE OFFICER/PISTOL LICENSING BUREAU POLICE OFFICER DANIEL JUGAN, in his individual and official capacity, JOHN AND JANE DOE NO. 1-10, in their official and in their individual capacity,<br>　　　　　　　　　　　　　　Defendants. | **ANSWER**<br><br>23-cv-00051 (JMA) (LGD)<br><br>**JURY TRIAL DEMANDED** |

County defendants, by their attorney, Dennis M. Cohen, Suffolk County Attorney, by Marc Lindemann, Assistant County Attorney, answering plaintiff's complaint respectfully:

　　　　1.　　　Aver that the introductory paragraph of the complaint, Paragraphs 58 and 63 of the complaint, and the portion of the complaint beginning "WHEREFORE: plaintiff demands judgment" contain requests for relief and attempt to characterize the proceeding being brought. As such, the County makes no answer save to demand strict proof thereof and denies any conduct giving rise to any cause of action thereunder. The County refers all conclusions of law to the Court.

2. Aver that the allegations contained in Paragraphs 1, 2, and 3 of the complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, make no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

3. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 4, 5, 8, 10, 12, 13, 14, 15, 17, 18, 20, 21, 22, 23, 28, 30, 31, 32, 50, and 52 of the complaint and refer all questions of law to the Court.

4. Admit the allegations contained in Paragraphs 6, 7, 9, 11, 24, 25, 26, and 27 of the complaint. Insofar as a written record was referenced, the document speaks for itself.

5. Deny the allegations contained in Paragraphs 16, 19, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 51, 53, 54, 56, 57, 59, 60, 62, 64, 65, 67, 68, 70, 71, 72, and 73 of the complaint and refer all questions of law to the Court.

6. Deny knowledge of information sufficient to form a belief as to the truth of the allegations made in Paragraph 29 of the complaint. Insofar as a written record was referenced, the document speaks for itself.

7. Answering Paragraphs 47, 55, 61, 66, and 69 of the complaint, repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

8. The County also demands a jury trial for issues of fact.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

9. That the complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

10. That the complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim under federal law.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

11. That the plaintiff failed to comply with a condition precedent required before commencing an action for damages, pursuant to 42 U.S.C. § 1983.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

12. That, no policy, statement, ordinance, regulation, or decision officially adopted and/or promulgated by the County or otherwise ratified by the defendants authorized a deprivation of plaintiff's constitutional rights.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

13. That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

14. That defendants' actions, if any, were justified by the facts and circumstances presented and, accordingly, defendants had a legitimate business purpose for their actions.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

15. That defendants acted reasonably under the facts and circumstances herein.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

16. That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

17. That defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities; that defendants acted solely pursuant to their duties and responsibilities as public officials; that defendants believed that they were exercising and acting within their statutory and constitutional powers; and that in so performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified federal and/or state immunity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

18. That if plaintiff sustained any damages as alleged in the complaint, such damages were caused, aggravated, or contributed to by plaintiff's failure to take reasonable efforts to mitigate damages, and any award made to plaintiff must be reduced in such proportion and to the extent that the damages complained of were caused, aggravated, or contributed to by such failure to mitigate damages.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

19. That the doctrines of *respondeat superior* and vicarious liability do not apply to a civil rights claim.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

20. That municipal defendants are not liable for punitive damage awards.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

21. That the Suffolk County Police Department is not an entity susceptible to suit. See, *e.g.*, *Wilson v. City of New York*, 800 F.Supp. 1098, 1101 (E.D.N.Y. 1992).

WHEREFORE, the County respectfully requests that the Court grant the following relief: dismiss the complaint in its entirety, with prejudice, as a matter of law; and grant such other and further relief as the Court may deem just, proper, and equitable.

Dated: Hauppauge, New York
       February 3, 2023

Yours, etc.,

DENNIS M. COHEN
County Attorney

By: _____
MARC LINDEMANN
Assistant County Attorney
Attorney for County Defendants
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788-0099
(631) 853-4055

TO: CORY H. MORRIS, ESQ.
     Attn: Raymond Negron, Esq.
     Attorney for Plaintiff
     135 Pinelawn Road, Suite 250S
     Melville, New York 11747
     (631) 450-2515