# Richard W. Young, Sr., Esq.
# 863 Islip Avenue
# Central Islip, New York 11722
# (631) 224-7500

March 30, 2023

(Via Electronic Mail Only: dunst_chambers@nyed.uscourts.gov)
Magistrate Judge Lee G. Dunst
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, New York 11722

Re: Goldstein v. Suffolk County et al.; Docket No: 2:23-cv-00051-JMA-LGD
<u>Ex Parte Demand (Made pursuant to FRE 408 and USDJ Dunst's Practice Rules)</u>;

Dear Hon. USMJ Dunst:

I write in accordance with the Order of this Court, the January 30, 2023 Order to Show Cause Conference and submit that plaintiff substantially prevailed in the return of all the weapons sought and his firearms carry license which required the filing of this lawsuit.

Both parties met and conferred regarding the initial demand(s) made to defense counsel on January 30, 2023. Plaintiff made a detailed settlement demand of $125,000 (see enclosed) and defendants, today, came back with $50,000 subject to legislative approval. Plaintiff already substantially prevailed and should be awarded reasonable attorney's fees. See *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (noting that fee awards under 42 U.S.C. §1988 should be equivalent to fees in other types of equally complex Federal litigation and that such fees are awarded when one substantially prevails in litigation); see also e.g., *Pietrangelo v. US Army*, 568 F.3d 341 (2d Cir. 2009). Plaintiff's counsel believes that defense counsel has not accounted for the regular hourly billing rate, complexity (or novelty) of the litigation, rising inflation and other considerations as discussed by USMJ Vera Scanlon in *Johnson v. City of New York*, No. 16 Civ. 6426 (KAM)(VMS) (E.D.N.Y. Feb. 8, 2023) in determining reasonable attorney's fees. Further, defendants either do not appreciate or understand the outstanding request for injunctive relief in this Second Amendment litigation.

Plaintiff's demand is reasonable and heavily discounted to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Plaintiff, through counsel, secured several other instances of defendants maintaining an unconstitutional policy for which this lawsuit is sought to address the same through limited discovery and a federal monitor.

Should this matter not settle, plaintiff submits that there is *de minimis* discovery required and a jury trial shouldn't consume more than two or three days.

Very truly yours,

*Richard W. Young*

RICHARD YOUNG, ESQ.

Enc.